984 So.2d 875 (2008)
STATE of Louisiana
v.
Sidney COLE.
No. 07-KA-989.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
*876 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Vincent Paciera, Jr., Assistant District Attorneys Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Attorney at Law, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
MARION F. EDWARDS, Judge.
In this criminal matter, the defendant/appellant, Sidney Cole ("defendant"), appeals his conviction and sentence on a charge of first degree robbery in violation of LSA-R.S. 14:64.1. We affirm.
The bill of information charging defendant with the crime was filed on October 14, 2005. Initially, defendant entered a plea of not guilty in response to the crime charged. However, subsequently he withdrew his not guilty plea and entered a plea of guilty as charged. Defendant was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence in accordance with a plea agreement with the State. That sentenced was imposed on September 25, 2006. No appeal was taken.
On July 23, 2007, defendant filed an application for post-conviction relief in which he argued he had ineffective assistance of counsel. In response to that application, the trial court granted an out-of-time appeal to defendant on August 1, 2007.
Defendant's assigned counsel has filed an Anders[1] brief in this court asserting that she has made a conscientious and thorough review of the record and has found no non-frivolous issues to present on appeal. Defense counsel has also filed a motion to withdraw as attorney of record.[2]
*877 When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.[3] If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.[4]
Defendant's appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. While she noted there were no rulings on defendant's pretrial motions, she determined the motions had been waived by trial counsel prior to the entry of defendant's guilty plea. Appellate counsel further discussed the constitutionality of defendant's guilty plea and sentence and concluded there were no non-frivolous issues to be raised on appeal.
This Court has conducted an independent review of the record and finds defense counsel's assertion that there are no non-frivolous issues to be raised on appeal. Accordingly, we affirm the defendant's conviction and sentence and grant the motion to withdraw filed by defense counsel.
AFFIRMED; MOTION TO WITHDRAW GRANTED.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] In accordance with Anders, defense counsel stated that she notified defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him of his right. Defendant has responded, informing this Court that he would not file a pro se brief.
[3] State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
[4] Id.